UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Jenn Ching Luo,

                              Plaintiff(s),            **ORDER**
                                                       CV06-0082 (ADS)(WDW)

                  -against-


Town of Hempstead,

                              Defendant(s).
-----------------------------------------------------------------X
**WALL, Magistrate Judge:**

        Before the court is the plaintiff's motion to compel a response to a Request to Admit and

to Interrogatory Number 8. [Docket Entry #21] The motion is opposed by the defendants.

[DE#22].  The plaintiff attempted to file a reply to the opposition, but that document was rejected.

The Local Rules and the undersigned's Individual Rules do not allow replies on letter motions.

The motion is denied.

        The court notes, as a threshold matter, the defendants' assertion that Mr. Luo failed to

make a good faith effort to resolve this issue without court intervention, which is required by the

Federal Rule of Civil Procedure 37(a)(2)(A), Local Rule 37.3(a), and the undersigned's Individual

Rule 3(A)(i).  The court has noted the plaintiff's tendency to seek court intervention at the earliest

moment that he believes a deadline has passed, without giving adequate time to try to resolve

matters without court intervention or even for the mail to be delivered.  The motion would be

denied on that ground with leave to renew if attempts at resolution were unsuccessful, but, here,

the motion is denied on its merits as well.

        Mr. Luo asks, first, that the defendants admit that "plan A2 of building permit #200102717

shows the following . . .," followed by a list of physical details.  The defendants responded that

the Request lacked relevance to the issue of whether Luo's civil rights have been violated or

whether altering a stairway is a violation of either the New York State Fire Code or the Building

Code Act.  The court agrees.  Moreover, the plan does not "show" that the physical details listed by Luo exist in the actual building that is represented.  The plan lists what it lists.

The plaintiff also asks the court to compel a response to his Interrogatory 8, which asked, in relation to the defendant's affirmative defense of statute of limitations, "when is the deadline for plaintiff to commence this action," and "which provision sets forth the limitation."  The defendants responded with an objection stating that they are "not required to assist Plaintiff in the prosecution of" his action, nor are they required to "provide legal assistance or legal research to plaintiff for plaintiff's use in an action against Defendant."  In their letter in opposition to the motion, the defendants note that while Rule 26 allows discovery regarding matters relating to any claim or defense, "issues of pure law are not the proper topic of an Interrogatory." [DE22 at2] The court also agrees with that conclusion.  If the defendants pursue the limitations defense in a dispositive motion, it will be their burden to come forward with legal argument in support of their defense.  Until then, they do not have to provide the information sought in the answer to an Interrogatory.

Dated: Central Islip, New York
      September 29, 2006

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge